UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JORGE TORRES individually, and on behalf of
other individuals similarly situated,

                Plaintiff,

v.

BUFFALO FUEL CORP.

                Defendant.

---

**VERIFIED COMPLAINT AND JURY TRIAL DEMAND**

Plaintiff, JORGE TORRES, individually and on behalf of other individuals similarly situated, by and through his attorneys at GOMEZ & BECKER, LLP, as and for a Complaint against Defendant, BUFFALO FUEL CORP., hereby states, upon information and belief, and at all times hereinafter, that:

## **NATURE OF ACTION**

1. This collective action lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for the Defendant's failure to pay overtime wages due to Plaintiff and other similarly situated employees.

2. Plaintiff brings this claim under the FLSA for Defendant failing to pay Plaintiff, and other similarly situated employees, at a rate equal to one and one-half times their regular rate of pay ("overtime") for all hours worked in excess of forty (40) in individual work weeks.

3. Plaintiff also brings claims under the Overtime Wage Provisions of Article 19 of the New York Labor Law, and all supporting regulations for Defendant failing to pay Plaintiff, and other similarly situated employees, at a rate equal to one and one-half times their regular rate of pay ("overtime") for all hours worked in excess of forty (40) in individual work weeks.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiff's New York State law claims pursuant to 28 U.S.C. § 1367.

5. This Court is empowered to issue a Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Venue of this action is established in the Western District of New York pursuant to 29 U.S.C. §216 (b) and 28 U.S.C. §1391 (b) as the acts and omissions giving rise to these claims occurred in the Western District of New York.

7. Plaintiff, JORGE TORRES, was, and is, a resident of the County of Erie and State of New York which is within this judicial district.

8. The unlawful employment practices described herein were committed at Defendant's place of business located at 4870 Packard Rd, Niagara Falls, New York, which is within this judicial district.

9. Accordingly, venue is proper in the Western District of New York pursuant to 28 U.S.C. § 1391 (b).

## PARTIES

9. Plaintiff, JORGE TORRES, was employed by Defendant as a driver from on or about 2008 through October 29, 2018.

10. At all relevant times that Plaintiff, and all other similarly situated employees, performed work for Defendant as drivers, and they were considered as "employees" as defined under the FLSA, 29 U.S.C. § 203 (e), and New York Labor Law § 651 and 12 N.Y.C.R.R. §146.

11. At all relevant times, Defendants were operating as an "employer" and an "enterprise engaged in commerce or in the production of goods for commerce" as those phrases are defined and used under the FLSA, 29 U.S.C. § 203 (d), and New York Labor Law § 190.

12. Defendant improperly failed to pay Plaintiff, and other similarly situated employees, at a rate equal to one and one-half times their regular rate of pay ("overtime") for all hours worked in excess of forty (40) in individual work weeks.

## COLLECTIVE ALLEGATIONS

13. Plaintiff brings this lawsuit on behalf of himself, and on behalf of all similarly situated employees, who work, or have worked, for Defendant as intra-state drivers within the past six years from the filing of this lawsuit and who elect to opt into this action (The "Collective").

14. Defendants are liable for failing to properly compensate Plaintiff, and all other similarly situated current and former employees of Defendant, who were not compensated correctly for all overtime hours worked.

15. Upon information and belief, there are many similarly situated current and former employees of Defendant who have not been paid overtime in violation of the FLSA and New York Labor Law, and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join this lawsuit.

16. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records, and notice should be sent to the Collective pursuant to 29 U.S.C. § 216 (b).

17. All the work that Plaintiff and the Collective have performed as drivers was assigned, supervised, controlled and with the knowledge of Defendant.

18. The rate of pay for Plaintiff and the Collective as drivers was set in accordance to Defendant's own policies and procedures, and was based on an hourly wage, and failed to provide compensation for the overtime hours worked.

19. As part of their regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and policy violating the FLSA and the New York Labor Law by failing to pay Plaintiff and the Collective overtime wages for hours they worked in excess of forty (40) hours per week.

20. Defendant's unlawful conduct is pursuant to a corporate policy, or practice, of minimizing labor costs and violating the FLSA and the New York Labor Law.

23. Defendant's unlawful conduct has been widespread, repeated and consistent prior to, and during, the years worked by Plaintiff and the Collective.

24. Plaintiff and the Collective were entitled to overtime compensation at the rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per week.

## STATEMENT OF FACTS

25. Plaintiff and the Collective were employed by Defendant as intra-state drivers at Defendants' place of business located at 4870 Packard Rd, Niagara Falls, New York.

26. The job assignments for Plaintiff and the Collective were solely at the discretion, instruction, supervision and control of Defendant.

27. The job assignments for Plaintiff and the Collective was limited to driving routes solely within the State of New York, and for Plaintiff, all work identified herein was performed within the County of Niagara and State of New York.

28. Plaintiff and the Collective were forced to work more than forty (40) hours per week without receiving compensation for those additional hours in accordance with the FLSA and the New York Labor Law.

29. The hours spent by Plaintiff and the Collective working for Defendant over and above normal working hours was in excess of the statutory maximum number of hours provided for in 29 U.S.C. § 207 (a) (1), and as such were "overtime hours" as those terms are used and applied pursuant to the FLSA.

30. Defendant was, or should have been, aware that State and Federal Law required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty (40) per week.

31. Defendant willfully and intentionally refused to pay overtime for work by Plaintiff and the Collective in excess of forty (40) hours per week.

32. Defendant intentionally violated the FLSA and New York Labor Law by denying Plaintiff and the Collective overtime wages during the years they worked as intra-state drivers.

33. Defendant was aware, or should have been aware, that Plaintiff and the Collective primarily or solely performed non-exempt duties, performed little or no supervisory functions, were not involved in inter-state commerce, did not have the right to hire or fire employees, and they wielded little or no discretion or judgment in performing their job duties and obligations.

34. Defendant was aware, or should have been aware, that Plaintiff and the Collective were not "executives" exempt from overtime protections.

35. Defendant was aware, or should have been aware, that Plaintiff and the Collective were not "administrators" exempt from overtime protections.

## AS AND FOR A FIRST CAUSE OF ACTION
### (FLSA CLAIM)

36. Plaintiff repeats and realleges the allegations in paragraphs "1 through 35" of the Complaint as if set fully forth herein.

37. Defendant has engaged in a widespread pattern and practice of violating the FLSA.

38. The Overtime Wage Provision as set forth in § 207 of the FLSA applies to Defendant.

39. Defendant failed to pay Plaintiff and the Collective their overtime wages.

40. Defendant's violations of the FLSA was willful and intentional, and Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation to its employees.

41. Plaintiff and the Collective were regularly required by Defendant to work in excess of forty (40) hours per work week.

42. Pursuant to 29 U.S.C. § 207, Plaintiff and the Collective were entitled under the law to be paid at the overtime rate for all hours worked in excess of forty (40) hours per work week.

43. Defendant failed to pay overtime to Plaintiff and the Collective for all weeks in which they worked in excess of forty (40) hours.

44. As a result of Defendant's willful violations of the FLSA, Plaintiff and the Collective have suffered damages.

45. Plaintiff and the Collective have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recover such amounts, in addition to

liquidated damages, pre-judgment interest, attorneys' fees, costs, and other compensation as allowed under 29 U.S.C. § 216 (b).

## AS AND FOR A SECOND CAUSE OF ACTION
## (NY LABOR LAW VIOLATION)

46.     Plaintiff repeats and realleges the allegations in paragraphs "1 through 45" of the Complaint as if fully set forth herein.

47.     The Overtime Wage Provisions of Article 19 of the New York Labor Law, and the supporting regulations apply to Defendant.

48.     Defendant failed to pay Plaintiff and the Collective the overtime wages to which they were entitled under the New York Labor Law.

49.     As a result of Defendant's willful violations of the New York Labor Law and supporting regulations, Plaintiff and the Collective have suffered damages.

50.     Plaintiff and the Collective have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recover such amounts, in addition to liquidated damages, pre-judgment interest, attorneys' fees, costs, and other compensation as allowed under as allowed under the New York Labor Law and supporting regulations.

## DEMAND FOR JURY

51.     Plaintiff and the FLSA Collective hereby demand a trial by jury of all issues triable before a jury in accordance with Rule 38 of the Federal Rules of Civil Procedure.

**WHEREFORE**, Plaintiff, JORGE TORRES, individually, and on behalf of other similarly situated employees, respectfully requests the Court allow this case to proceed as a Collective Action, issue a declaration the acts and practices of Defendants were in violation of the laws of the United States of America and the State of New York; award a judgment for back pay equal to the amount of all unpaid overtime compensation for up to three (3)  years

preceding the filing of this Complaint, or any other maximum period, according to the applicable statute of limitations for willful violations of the FLSA; award liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216 (b); award prejudgment interest with respect to the amount of unpaid overtime compensation; enter an injunction precluding Defendants from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; award a judgment for back pay equal to the amount of all unpaid overtime compensation for up to six (6) years preceding the filing of this Complaint, or any other maximum period, according to the applicable statute of limitations under the New York State Labor Law; award liquidated damages in an amount equal to the amount of unpaid overtime compensation found due under the New York State Labor Law; award prejudgment interest with respect to the amount of unpaid overtime compensation; award reasonable attorneys' fees, expenses and costs incurred in this action; and such other and further relief which to this Court may seem just and proper.

Dated: January 7, 2019
      Buffalo, New York

                                  Yours etc.,

                                  S/ RAFAEL O. GOMEZ

                                  Rafael O. Gomez, Esq.
                                  **GOMEZ & BECKER, LLP**
                                  *Attorneys for Plaintiff*
                                  2746 Delaware Avenue
                                  The Eberhardt Mansion
                                  Buffalo, New York 14217
                                  (716) 873-0333
                                  rgomez@gomezbecker.com